**CT Corporation**

**Service of Process Transmittal**
11/09/2015
CT Log Number 528126972

**TO:** Mary Anne Hilliard
Children's Hospital
2233 Wisconsin Ave NW Ste 317
Washington, DC 20007-4104

**RE:** Process Served in District of Columbia

**FOR:** CHILDREN'S NATIONAL MEDICAL CENTER (Domestic State: DC)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Leslie Walker, Pltf. vs. Children's National Medical Center, Inc., Dft. |
| **DOCUMENT(S) SERVED:** | Order and Addendum, Information Sheet, Summonses, Complaint, Exhibit(s) |
| **COURT/AGENCY:** | Superior Court of the District of Columbia, DC<br>Case # 2015CA006890B |
| **NATURE OF ACTION:** | Employee Litigation - Discrimination - Retaliation for filing for Workers Compensation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Washington, DC |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 11/09/2015 at 13:03 |
| **JURISDICTION SERVED:** | District of Columbia |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after service, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | Raymond Jones<br>Law Office of Raymond R. Jones<br>910 17th Street, Suite 800, NW<br>Washington, DC 20006<br>202-509-9788 x101 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day, 781677097492<br><br>Email Notification, Nica Roberts NRoberts@childrensnational.org<br><br>Email Notification, Rebecca Cady rcady@childrensnational.org<br><br>Email Notification, Andress Green AdGreen@ChildrensNational.org |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 1015 15th St NW Ste 1000<br>Washington, DC 20005-2621 |
| **TELEPHONE:** | 202-572-3133 |

Page 1 of 1 / MH

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.


Ex. A



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

LESLIE WALKER
Vs.
CHILDRENS NATIONAL MEDICAL CENTER INC

C.A. No. 2015 CA 006890 B

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to: Judge BRIAN F HOLEMAN
Date: September 8, 2015
Initial Conference: 9:30 am, Friday, December 11, 2015
Location: Courtroom 214
500 Indiana Avenue N.W.

Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH
INFORMATION SHEET

Leslie Walker                              Case Number: 2015 CA 006890 B

vs                                         Date: September 7, 2015

Children's National Medical Center

☐ One of the defendants is being sued in their official capacity.

| Name: *(Please Print)* Raymond Jones | Relationship to Lawsuit |
|---|---|
| Firm Name: Law Office of Raymond R. Jones | ☒ Attorney for Plaintiff |
| Telephone No.: 202-509-9788 x.101   Six digit Unified Bar No.: 497654 | ☐ Self (Pro Se) ☐ Other: _____ |

TYPE OF CASE:  ☐ Non-Jury    ☐ 6 Person Jury    ☒ 12 Person Jury
Demand: $ 300,000.00                                    Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED
Case No.: None            Judge: _____        Calendar #: _____

Case No.: _____          Judge: _____        Calendar#: _____

## NATURE OF SUIT:    (Check One Box Only)

### A. CONTRACTS                                COLLECTION CASES

☐ 01 Breach of Contract       ☐ 14 Under $25,000 Pltf. Grants Consent   ☐ 16 Under $25,000 Consent Denied
☐ 02 Breach of Warranty       ☐ 17 OVER $25,000 Pltf. Grants Consent    ☐ 18 OVER $25,000 Consent Denied
☐ 06 Negotiable Instrument    ☐ 27 Insurance/Subrogation                ☐ 26 Insurance/Subrogation
☐ 07 Personal Property            Over $25,000 Pltf. Grants Consent         Over $25,000 Consent Denied
☒ 13 Employment Discrimination ☐ 07 Insurance/Subrogation               ☐ 34 Insurance/Subrogation
☐ 15 Special Education Fees       Under $25,000 Pltf. Grants Consent        Under $25,000 Consent Denied
                              ☐ 28 Motion to Confirm Arbitration
                                  Award (Collection Cases Only)

### B. PROPERTY TORTS

☐ 01 Automobile              ☐ 03 Destruction of Private Property    ☐ 05 Trespass
☐ 02 Conversion              ☐ 04 Property Damage
☐ 07 Shoplifting, D.C. Code § 27-102 (a)

### C. PERSONAL TORTS

☐ 01 Abuse of Process            ☐ 10 Invasion of Privacy              ☐ 17 Personal Injury- (Not Automobile,
☐ 02 Alienation of Affection     ☐ 11 Libel and Slander                      Not Malpractice)
☐ 03 Assault and Battery         ☐ 12 Malicious Interference           ☐ 18 Wrongful Death (Not Malpractice)
☐ 04 Automobile- Personal Injury ☐ 13 Malicious Prosecution            ☐ 19 Wrongful Eviction
☐ 05 Deceit (Misrepresentation)  ☐ 14 Malpractice Legal                ☐ 20 Friendly Suit
☐ 06 False Accusation            ☐ 15 Malpractice Medical (Including Wrongful Death) ☐ 21 Asbestos
☐ 07 False Arrest                ☐ 16 Negligence- (Not Automobile,     ☐ 22 Toxic/Mass Torts
☐ 08 Fraud                           Not Malpractice)                  ☐ 23 Tobacco
                                                                       ☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE        IF USED

CV-496/June 2015

# Information Sheet, Continued

**C. OTHERS**
- ☐ 01 Accounting
- ☐ 02 Att. Before Judgment
- ☐ 05 Ejectment
- ☐ 09 Special Writ/Warrants
  (DC Code § 11-941)
- ☐ 10 Traffic Adjudication
- ☐ 11 Writ of Replevin
- ☐ 12 Enforce Mechanics Lien
- ☐ 16 Declaratory Judgment
- ☐ 17 Merit Personnel Act (OEA)
  (D.C. Code Title 1, Chapter 6)
- ☐ 18 Product Liability
- ☐ 24 Application to Confirm, Modify, Vacate Arbitration Award (DC Code § 16-4401)
- ☐ 29 Merit Personnel Act (OHR)
- ☐ 31 Housing Code Regulations
- ☐ 32 Qui Tam
- ☐ 33 Whistleblower

**II.**
- ☐ 03 Change of Name
- ☐ 06 Foreign Judgment/Domestic
- ☐ 08 Foreign Judgment/International
- ☐ 13 Correction of Birth Certificate
- ☐ 14 Correction of Marriage Certificate
- ☐ 26 Petition for Civil Asset Forfeiture (Vehicle)
- ☐ 27 Petition for Civil Asset Forfeiture (Currency)
- ☐ 28 Petition for Civil Asset Forfeiture (Other)
- ☐ 15 Libel of Information
- ☐ 19 Enter Administrative Order as Judgment [ D.C. Code § 2-1802.03 (h) or 32-151 9 (a)]
- ☐ 20 Master Meter (D.C. Code § 42-3301, et seq.)
- ☐ 21 Petition for Subpoena [Rule 28-I (b)]
- ☐ 22 Release Mechanics Lien
- ☐ 23 Rule 27(a)(1) (Perpetuate Testimony)
- ☐ 24 Petition for Structured Settlement
- ☐ 25 Petition for Liquidation

**D. REAL PROPERTY**
- ☐ 09 Real Property-Real Estate
- ☐ 12 Specific Performance
- ☐ 04 Condemnation (Eminent Domain)
- ☐ 10 Mortgage Foreclosure/Judicial Sale
- ☐ 11 Petition for Civil Asset Forfeiture (RP)
- ☐ 08 Quiet Title
- ☐ 25 Liens: Tax / Water Consent Granted
- ☐ 30 Liens: Tax / Water Consent Denied
- ☐ 31 Tax Lien Bid Off Certificate Consent Granted

_/s/Raymond Jones_    09/07/2015

Attorney's Signature    Date

CV-496/ June 2015



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

Leslie Walker
_____
Plaintiff

vs.                                           Case Number  2015 CA 006890 B

Childern's National Medical Center Inc.
_____
Defendant

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Raymond Jones
_____
Name of Plaintiff's Attorney

910 17th Street, Suite 800, NW
_____
Address Washington, DC 20006

202-509-9788 ext. 101
_____
Telephone

*Clerk of the Court*

By _____
Deputy Clerk

Date _____09/08/2015_____

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요    ያማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                                                                         CASUM.doc





**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Teléfono: (202) 879-1133

_____
                                    Demandante
                contra.
                                                        Número de Caso: _____
_____
                                    Demandado

### CITATORIO

Al susodicho Demandado:

  Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

  A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

_____        *SECRETARIO DEL TRIBUNAL*
Nombre del abogado del Demandante

_____        Por: _____
Dirección                                                  Subsecretario
_____
_____        Fecha _____
Teléfono

如需翻译,请打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction      Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면 (202) 879-4828 로 전화주십시요      ያማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, _NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO._

  Si desea conversar con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CASUM.doc

Filed
D.C. Superior Court
09/08/2015 12:03PM
Clerk of the Court

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

Civil Division

---

Leslie Walker
2136 Roslyn Avenue
District Heights, MD 20747

NO: 2015 CA 006890 B

v.

Children's National Medical Center, Inc.
111 Michigan Ave., NW
Washington, DC 20010

SERVICE UPON

CT Corporation System
155 Federal Street
Suite 700
Boston, MA 02110

---

**COMPLAINT**

NOW COMES, the Plaintiff, Leslie Walker, ("Plaintiff or Ms. Walker") by and through the undersigned Counsel and hereby files this Complaint against Children's National Medical Center ("Defendant") and states as follow:

**Summary of Case**

This case is before the Court as a result of retaliation against the Plaintiff. On or about April 30, 2015, the Plaintiff was scheduled to provide honest testimony to an investigator with the Equal Employment Opportunity Commission. However, in apparent attempt to discredit any statement and diminish the value of the Plaintiff's assessment of the allegations, the Defendant, by and through its agents, terminated the Plaintiff two days before her scheduled testimony in violation of 42 U.S.C.S 2000e *et. seq.*

**The Parties**

1. Leslie Walker is a resident of the State of Maryland and is a former employee of the Defendant. She has over 29 years of experience in the medical field.

2. Children's National Medical Center is a nationally recognized hospital located in the District of Columbia specializing in pediatrics.

**Jurisdiction**

3. Venue in this Court is proper as the negligent acts and/or omissions committed by the Defendant occurred in the District of Columbia and Plaintiffs' injuries occurred in the District of Columbia.

4. Title VII of the Civil Rights Act 1964 as amended.

**Facts**

5. Ms. Walker began her employment as a temporary staff assistant in the Defendant's Fetal Institute sometime in or about September 2013.

6. In or about November 2013, Ms. Walker was promoted to Operations Coordinator, a supervisory position within the same department.

7. Plaintiff was given no training on duties and handling employees at this time.

8. At all relevant times Ms. Walker was responsible for the supervision of two employees. Ms. Palmer and Ms. Faulkner. Each having been employed for years with the Defendant prior to Ms. Walker return and promotion.

9. Sometime in January, 2014, Ms. Palmer and Ms. Faulkner approached the Plaintiff and complained about noise problems with their ears apparently related to construction ongoing near or within the Defendants location.

10. Without having any substantive training, Ms. Walker advised the employees on their responsibilities, in an honest and earnest way.

11. During this conversation, Plaintiff called the human resource manager for guidance on the concerns of Ms. Palmer and Ms. Faulkner. However, the human resource manager was unavailable.

12. Plaintiff then called the executive director to gain information regarding the situation.

13. After those unsuccessful attempts Plaintiff gave Ms. Palmer and Ms. Faulkner honest advice about their claims of ear injury. Plaintiff explained that if their documentation for any alleged injuries were not sufficient their workers compensation claims would be denied by the Defendant.

14. However, upon information and belief one of the employee secretly recorded the conversation. Plaintiff was unaware of the recording at that time.

15. A few months later Ms. Palmer and Ms. Faulkner were terminated from their positions with the Defendant.

16. Upon information and belief the terminated employees filed workers compensation claims against the Defendant.

17. Ms. Walker continued with her duties and from all indication was doing a great job.

18. Upon information and belief, sometime during the following months either Ms. Parker or Ms. Faulkner filed a discrimination complaint with the Equal Employment Opportunity Commission ("EEOC") against the Defendant.

19. Sometime in July, 2014, Plaintiff received an email from Rosemary Carr regarding being secretly recorded and whether Plaintiff was aware. She was not and stated as such.

20. Indeed, shortly after, Plaintiff assisted with the completion of Defendant's response to the allegations contained in the EEOC complaint.

21. Plaintiff did not hear anything further regarding the secretly recorded conversation. In fact, months later, Plaintiff was given her yearly performance evaluation which Defendant rated her "good."

22. Additionally, in or about December, 2014, Defendant awarded Plaintiff her yearly bonus based on performance.

23. Then, sometime in April, 2015, Plaintiff was informed that she will have to speak to an investigator and/or give testimony to the EEOC regarding Ms. Palmer and Ms. Faulkner.

24. Two days before her scheduled testimony, and without the due process guarantees of Defendant's employee handbook, Defendant terminated Plaintiff.

25. Despite being aware of the recording for over a year, Defendant claimed that it was Plaintiff's statements in that secrete recording which caused the Defendant to terminate the employment relationship.

26. Upon information and belief, Ms. Walker was terminated solely because of her participation in the EEOC process and to discredit her testimony and further give the appearance that Plaintiff was wrong in her advice and assessment of the inter-workings of the Defendant organization.

27. In May, 2015, Ms. Walker filed a retaliation complaint with the EEOC and shortly after received a "right to sue" letter[1].

---

[1] Attached as Exhibit A

## COUNT I

### VIOLATION OF TITLE VII OF The CIVIL RIGHTS ACT 1964, as amended, 42 U.S.C.S § 2000(e) et. seq.
### RETALIATION

28. Plaintiff re-alleges and incorporates paragraphs 1-27 herein.

29. Plaintiff engaged in protected activity when she was requested to give information concerning an ongoing EEOC investigation.

30. Two days before her testimony, Defendant terminated Plaintiff's employment to discredit any information she may have supplied and in response to her pending testimony.

31. There is a causal connection related to Plaintiff's termination and the testimony she was to provide regarding allegations of discrimination.

WHEREFORE, the Plaintiff request that the Court award her:

a) Reinstatement to her former position as Program Coordinator.

b) The sum of 300,000.00 in compensatory damages because of the discrimination and retaliation Plaintiff suffered.

c) Costs and reasonable attorneys' fees incurred with this lawsuit.

d) Other relief the Court finds just and equitable.

### JURY DEMAND

Plaintiff requests trial by Jury.

September 7, 2015

By: /s/ Raymond R. Jones

Raymond R. Jones
DC Bar Number 497654

And

5

By: /s/Mark A. Cotton
    DC Bar Number 466798
    910 17th Street, NW
    Suite 800
    Washington, DC 20006
    (office) 202-509-9788 ext. 101
    (fax) 202-644-8834
    (email) rjones@attorneyrayjones.com

# EXHIBIT A

EEOC Form 161 (11/09)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**DISMISSAL AND NOTICE OF RIGHTS**

To: Leslie Walker
2136 Roslyn Ave
District Heights, MD 20747

From: Washington Field Office
131 M Street, N.E.
Suite 4NW02F
Washington, DC 20507

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 570-2015-01280 | Alan W. Anderson, Enforcement Supervisor | (202) 419-0756 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

- NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_[signature]_ for
Mindy E. Weinstein,
Acting Director

JUN 08 2015
(Date Mailed)

Enclosures(s)

cc:
Rebecca Cady
Risk Management
CHILDREN'S NATIONAL MEDICAL CENTER
111 Michigan Avenue NW
Washington, DC 20010

Kraig Long
Tydings & Rosenberg, LLP
100 East Pratt Street
26th Floor
Baltimore, MD 21202